**John PATTERSON, Appellant,**

v.

**The STATE of Texas.**

**No. PD–0117–03.**

Court of Criminal Appeals of Texas, En banc.

Nov. 10, 2004.

Rehearing Denied Jan. 19, 2005.

Forrest Lumpkin, Austin, for Appellant.

Michael Scott Taliaferro, Assistant District Attorney, Matthew Paul, State's Attorney, Austin, for State.

**43.** *State v. Kurtz,* 111 S.W.3d 315, 323–24 (Tex.App.-Dallas 2003).

**44.** *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991).

## OPINION

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, HOLCOMB, and COCHRAN, JJ., joined.

Appellant was charged with various sexual offenses in a three-count indictment comprising five paragraphs. Count I, paragraph one, alleged aggravated sexual assault of a child by causing penetration of the victim's anus by appellant's sexual organ (TEX. PEN.CODE § 22.021(a)(1)(B)(i)); paragraph two alleged aggravated sexual assault of a child by causing the victim's anus to contact appellant's sexual organ (TEX. PEN.CODE § 22.021(a)(1)(B)(iv)). Count II, paragraph one, alleged indecency with a child by touching the vitim's anus (TEX. PEN.CODE § 21.11(a)(1)); paragraph two alleged indecency with a child by causing the victim to touch appellant's genitals (TEX. PEN.CODE § 21.11(a)(1)). Count III alleged indecency with a child by exposure of appellant's genitals knowing that a child was present (TEX. PEN.CODE § 21.11(a)(2)(A)). All of the charges arose from two incidents involving the eleven-year-old daughter of appellant's co-workers during a single night. All charges were submitted to the jury as charged except the indecency with a child by contact (the victim touching appellant's penis), which was submitted as an attempt. (TEX. PEN.CODE § 15.01(a)). The jury convicted on all paragraphs and assessed terms of imprisonment ranging from five to thirty-five years for each of the offenses.

The court of appeals affirmed the judgments of conviction for aggravated sexual assault of a child by penetration, aggravated sexual assault of a child by contact, and attempted indecency with a child by contact, but reversed the judgments of conviction for indecency with a child by contact and indecency with a child by exposure, holding that those convictions violated the constitutional guarantee against double jeopardy. *Patterson v. State*, 96 S.W.3d 427, 431 (Tex.App.-Austin 2002). Both the state and appellant petitioned this Court for discretionary review. We refused appellant's petition and granted the state's petition.

> Where a defendant is convicted of the offense of indecency with a child by exposure and also of the offense of aggravated sexual assault of a child, is the indecency conviction barred by double jeopardy if that exposure occurred prior to the aggravated sexual assault and during the defendant's unsuccessful attempt to commit a third offense that, if completed, would not have been jeopardy barred?

We conclude that the court of appeals reached the correct result, and we therefore affirm.[1]

### Facts

After drinking in a bar with co-workers to celebrate the co-workers' wedding anniversary, appellant spent the night at their home. Appellant was supposed to sleep in the co-workers' spare room, along with his live-in girlfriend's young son, who was already sleeping there. However, at some point during the night, appellant went to the room where his co-workers' two young daughters, aged 10 and 11, were sleeping. After attempting to get into bed with the younger daughter, who pushed him off the bed, appellant climbed into bed with the eleven-year-old. According to the victim's

---

1. The state has not appealed the decision of the court of appeals as to the indecency with a child by contact.

testimony at trial, appellant sexually assaulted her on two separate occasions during the night.

The victim testified that appellant got into bed with her, lay behind her, unbuttoned his pants, grasped her hand, and tried unsuccessfully to make her touch his "private." When she pulled her hand away, the victim testified, he pushed his "private" inside her "butt." After a short time, the victim got up and went to the bathroom. The second occurrence was essentially identical to the first. The victim testified that she returned to the bed, and that appellant again tried to force her to put her hand on his "private" and, failing once again, he put his "private" inside her "butt" a second time.

After the second episode, the victim got up to go to the bathroom again, and this time, accompanied by her younger sister, she went to her parents' room. The victim woke the parents and told them what had happened. The victim's father went downstairs to call the police, while the mother had the girls retrieve their bedclothes from the bedroom, then took them downstairs to await the arrival of the police. Appellant was arrested in the spare room.

### The Decision of the Court of Appeals

On appeal, appellant argued that the convictions for aggravated sexual assault, indecency with a child by contact, and indecency with a child by exposure violated the constitutional prohibition against multiple punishments for the same offense. The court of appeals found that the evidence was legally sufficient to prove that appellant twice penetrated the complainant's anus with his penis and that he tried to cause the victim to touch his penis. It therefore affirmed the two convictions for aggravated sexual assault of a child (by penetration and by contact) and the conviction for attempted indecency by contact.

*Patterson v. State, supra.* However, the court of appeals held that the other sexual contacts between the appellant and the complainant were incident to the penetrations, and therefore the second indecency by contact offense and the exposure were included within the aggravated sexual assaults. Believing that the legislature has not indicated an intent to inflict multiple punishments for the same conduct, the court of appeals reversed appellant's convictions for indecency with a child by contact and indecency with a child by exposure. *Id.* at 433.

In its petition for discretionary review to this Court, the state challenges only the reversal of the conviction for indecency with a child by exposure. The state argues that the prohibition against double jeopardy does not negate a clearly expressed legislative intent to impose multiple punishments. The state also argues that the exposure committed during appellant's unsuccessful attempt to get the victim to touch his penis was distinct from the exposure incident to the aggravated sexual assault. Reasoning that the attempted sexual contact, had it been successful, would have been an offense distinct from the aggravated sexual assault, the state argues that the exposure preceding the attempted sexual contact must also be distinct from the exposure preceding the assault. However, that argument must fail, because a single continuing exposure, even in conjunction with other simultaneous offenses, remains a single exposure.

### Analysis

While the state sets out its ground for appeal as a question of double jeopardy, we do not find it necessary to address the constitutional issue, as the case can be resolved on the basis of statutory construction.

"Sexual contact" is defined as "except as provided by Section 21.11, any touching of the anus, breast, or any part of the genitals of another person with the intent to arouse or gratify the sexual desire of any person." TEX. PENAL CODE, § 21.01(2). Section 21.11, Indecency with a Child, which includes the offense of indecency by exposure, defines "sexual contact" as

the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

(1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or

(2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

Tex. Penal Code, § 21.11(c).

Section 3.01 of the Penal Code defines "criminal episode."

In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

In section 3.03 of the Penal Code, the legislature determined that multiple offenses arising from the same criminal episode and tried in a single criminal action shall, in general, be punished with concurrent sentences, but it also determined that there should be two exceptions to this general rule: intoxication manslaughter, and sexual offenses committed against children. For those offenses, the legislature permitted consecutive sentences.

If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

(1) [intoxication manslaughter] or

(2) an offense:

(A) under Section 21.11 [indecency with a child by exposure and contact], 22.011 [sexual assault], 22.021 [aggravated sexual assault], 25.02 [prohibited sexual contact], or 43.25 [sexual performance by a child] against a victim younger that 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violation of the same section more than once or is convicted of violations of more than one section; or

(B) [same provisions apply to plea bargains].

TEX. PENAL CODE § 3.03(b).

By its plain language, this provision indicates an intention by the legislature to both permit consecutive sentencing and exempt these enumerated offenses from the consequences of the definition of "criminal episode" found in section 3.01; for these offenses only, repeated commission of the same offense or violations of multiple subsections within a single section and tried in a single criminal action may be punished by consecutive sentences.

It is clear that sexual exploitation of children is of great concern to the legislature. The offenses enumerated by the legislature cover a range of deviant sexual conduct, beginning with exposure and continuing though sexual contact to pen-

etration and including incest and child prostitution. The scheme encompasses escalation of abuse; no matter where in the range the perpetrator stops, the offense is complete at that point. That is not to say that every offense in the range can in all cases be prosecuted as a separate offense. While it is clear from the plain language of the various statutes that the legislature intended harsh penalties for sexual abuse of children, there is nothing in the language to suggest that it intended to authorize "stop-action" prosecution. Just as a conviction for a completed offense bars prosecution for an attempt to commit the same offense, a conviction for an offense set out in § 3.03 bars conviction for conduct that, on the facts of the case, is demonstrably part of the commission of the greater offense. For example, indecency by genital exposure of oneself in the course of manual penetration of another are separate offenses, while penile contact with mouth, genitals, or anus in the course of penile penetration will be subsumed.[2] Thus, indecency by exposure may or may not be a part of sexual assault or indecency by contact, depending on the facts of the case.

In this case, there were two essentially identical assaults, separated by a short period of time. On both occasions, appellant exposed his genitals and penetrated the complainant's anus. The assault in count I, paragraph two, was alleged as aggravated sexual assault of a child by causing contact between appellant's genitals and complainant's anus. The assault in count I, paragraph one, was alleged as aggravated sexual assault of a child by penetration of complainant's anus by appellant's genitals, with a separate paragraph alleging indecency with a child by

contact by touching the complainant's anus with appellant's genitals. The court of appeals affirmed the two convictions for aggravated sexual assault, then correctly found that penetration required contact and reversed that conviction. The state does not challenge that ruling. The record in this case does not show an occasion during the assaults when the exposure was a separate offense. Under the facts of these incidents, exposure was incident to and subsumed by the aggravated sexual assault.

While we disagree with some of its reasoning, we find, based on the provisions of § 3.03, that the court of appeals did not err in its conclusions, given the facts of this case as established at trial. We affirm the judgment of the court of appeals.

KELLER, P.J., concurs in result.

HERVEY, J., filed a concurring opinion in which KEASLER, J., joined.

HERVEY, J., filed a concurring opinion in which KEASLER, J., joined.

I do not agree with the assertion in the majority opinion that this is not a double jeopardy case. This is a "multiple punishments for the same offense in a single proceeding" double jeopardy case in which the same act or conduct violates separate statutory provisions. *See Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Whalen v. United States*, 445 U.S. 684, 688–93, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). When the same act or conduct violates separate statutory provisions, the double jeopardy clause does not prohibit a legislature from authorizing multiple punishments in a single proceeding for these separate statutory offenses even when they are the "same"

---

**2.** We do not address whether sexual performance by a child and incest are available as separate offenses when the alleged conduct

falls within the proscriptions for both conduct and relationship.

for double jeopardy purposes.[1] The dispositive issue is not whether these separate statutory offenses are the "same" but whether the legislature has authorized multiple punishments for them. *See Whalen*, 445 U.S. at 688, 100 S.Ct. 1432 ("question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized").[2]

Determining whether separate statutory offenses committed by the same act or conduct are the "same" under *Blockburger* is merely an aid in deciding whether the legislature has authorized multiple punishments for these offenses. *See Whalen*, 445 U.S. at 688–93 and at 711, 100 S.Ct. 1432 (Rehnquist, J., dissenting) (*Blockburger* test is simply an attempt to determine legislative intent). If these separate statutory offenses are the "same" under *Blockburger*, then multiple punishments may not be imposed in a single proceeding for these "same" offenses unless the legislature has clearly and specially provided for multiple punishments. *See Whalen*, 445 U.S. at 692–93, 100 S.Ct. 1432. If, however, these separate statutory offenses are not the "same" under *Blockburger*, then it is generally presumed that the legislature intends to permit multiple punishments for them. *See id.* ("courts have long adhered to the rule that Congress did intend to permit consecutive sentences ... when each offense 'requires proof of a fact which the other does not' ").

In *Hunter*, 459 U.S. at 368–69, 103 S.Ct. 673, the Court stated:

Our analysis and reasoning in *Whalen* and [citation omitted] lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments. [Footnote omitted]

Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumu-

1.  *See, e.g., Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (where same act or transaction violates separate statutory provisions, the test to be applied to determine whether they are the "same" is "whether each provision requires proof of a fact which the other does not"); *Parrish v. State*, 869 S.W.2d 352, 354 (1994) (state law describes "includedness in much the same way *Blockburger* describes sameness"); *see also Hunter*, 459 U.S. at 368–69, 103 S.Ct. 673 (legislatures may authorize multiple punishments in a single proceeding for "same conduct" under *Blockburger*);

*Whalen*, 445 U.S. at 701, 100 S.Ct. 1432 (Rehnquist, J., dissenting) ("Congress could, if it so desired, authorize cumulative punishments for violation of two separate statutes, whether or not those statutes defined 'separate offenses' in some abstract sense").

2.  This analysis, of course, would not apply when different acts or conduct violate separate statutory provisions even when these different acts or conduct occur during the same criminal episode or transaction.

lative punishment under such statutes in a single trial.

I would decide that the indecency by exposure offense and the aggravated sexual assault offenses are the "same" under our traditional approach for determining "sameness" for double jeopardy purposes. *See Parrish,* 869 S.W.2d at 354 (state law describes "includedness in much the same way *Blockburger* describes sameness"). Under this approach, the Court could decide that these offenses are the "same" because the former was included within the proof necessary to establish the latter.[3] *See Broussard v. State,* 642 S.W.2d 171, 173 (Tex.Cr.App.1982) (issue is "whether or not the State, in each case, when presenting its case to prove the offense charged, also includes the lesser included offense").

Concluding that these offenses are the "same" merely begins the analysis. *See Whalen,* 445 U.S. at 688–93, 100 S.Ct. 1432.[4] The issue remains whether the legislature has clearly and specially authorized multiple punishments for these "same" offenses that appellant committed against the eleven-year-old victim. *See id.*

The opinion of the Court of Appeals did not address § 3.03(b)(2)(A), TEX. PEN.CODE, which provides:

(b) If the accused is found guilty of more than one offense arising out of the same criminal episode,[[5]] the sentences may run concurrently or consecutively if each sentence is for a conviction of:

(2) an offense:

(A) under Section 21.11, 22.011, 22.021, 25.02, or 43.25[[6]] committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section. . . .

This statute does not clearly or specially authorize multiple punishments in cases like this. *See Whalen,* 445 U.S. at 691, 693–94, 100 S.Ct. 1432 (deciding that the particular statute in that case did not authorize multiple punishments for two offenses arising out of same criminal transaction). With these comments, I concur only in the Court's judgment.

**3.** And, this is what the Court of Appeals essentially decided. *See Patterson,* 96 S.W.3d at 432–33 (indecency by exposure offense was included within the aggravated sexual assault offenses).

**4.** The Court of Appeals did not consider the "sameness" question to be dispositive either. *See Patterson v. State,* 96 S.W.3d 427, 432 (Tex.App.-Austin 2002) (absent clear indication of contrary legislative intent, it is presumed that legislature did not intend to authorize multiple punishments for two offenses that are the same under *Blockburger*) and at 433 (in absence of a clear indication of legislative intent to inflict multiple punishments,

appellant's conviction for indecency with a child by exposure based on the same conduct for which he was convicted of aggravated sexual assault constitutes impermissible multiple punishments for the same offense).

**5.** Appellant was found guilty of more than one offense (indecency by exposure and aggravated sexual assault) arising out of the same criminal episode even though these offenses might be considered the "same" under *Blockburger.*

**6.** *See* § 21.11(a)(2)(A), TEX. PEN.CODE, (indecency with a child); § 22.021(a)(1)(B)(I), TEX. PEN.CODE, (aggravated sexual assault).