COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-288-CR
 
 
AUGUSTINE 
CABRAL                                                             APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        A 
jury found appellant, Augustine Cabral (“Cabral”), guilty of aggravated 
sexual assault of a child and indecency with a child by exposure. The jury 
assessed punishment at fifty years’ imprisonment for aggravated assault of a 
child and ten years’ imprisonment for indecency with a child, and the trial 
court sentenced him accordingly. In two issues, Cabral contends that his 
convictions of both aggravated sexual assault and indecency with a child violate 
the Texas Penal Code and the Double Jeopardy Clause of the United States 
Constitution. We affirm.
II. Background Facts and Procedural History
        The 
record reflects that Cabral was indicted for aggravated sexual assault of a 
child and indecency with a child by exposure. Count one of the indictment 
charged Cabral with aggravated sexual assault and alleged that on or about the 
first day of June 2000, Cabral intentionally and knowingly caused the anus of 
the complainant, a child younger than fourteen years of age, to contact his 
sexual organ. Count two of the indictment charged Cabral with indecency with a 
child by exposure and alleged that on or about the first day of June 2000, 
Cabral intentionally exposed his genitals to the complainant, a child younger 
than seventeen years, knowing the complainant was present and with intent to 
arouse or gratify his sexual desire.
        At 
trial, the complainant testified as to incidents of abuse involving Cabral. She 
testified that when she was about nine years old she would stay after school 
with her half-brother’s grandmother, Tina Cabral, who is also Cabral’s 
mother. She testified that she would go into Tina’s room to play Nintendo and 
that Cabral would come into the room while she was there, climb on the bed, 
lower his shorts and rub his penis on her. She testified that on one particular 
occasion, Cabral rubbed his penis on her face and that he wanted her to open her 
mouth so he could insert his penis, but that she did not open her mouth. She 
testified that Cabral then tried to remove her blue jeans, but that he was 
unsuccessful because she was able to get up and leave the room.
        She 
also testified about another incident when her mother sent her to Tina’s house 
to get her brother. She testified that after her brother left the house to 
return home, Cabral pulled her into his bedroom. She testified that Cabral 
removed all his clothing and then took her shorts off. She stated that he then 
rubbed his penis all over her bottom and that he tried to penetrate her anus 
with his penis. She testified that Cabral touched her anal opening with his 
penis, but that he did not penetrate her anus because she clinched her bottom to 
keep him from doing so. She testified that she saw Cabral’s penis, that 
“white stuff” came out of his penis, and that she was able to run away by 
“nudging him . . . real hard” with her elbow.
III. Violation of the Texas Penal Code
        In 
his first issue, citing Patterson v. State, Cabral contends that the 
Texas Penal Code does not permit separate convictions for both aggravated sexual 
assault of a child and indecency with a child by exposure when the exposure was 
demonstrably part of the sexual assault. See 152 S.W.3d 88, 92 (Tex. 
Crim. App. 2004); see also Tex. 
Penal Code Ann. §§ 3.01, 3.03, 21.11, 22.021 (Vernon 2003). In that 
regard, Cabral asserts that he cannot be convicted of both offenses here because 
the indecent exposure was committed in preparation for the aggravated sexual 
assault, and thus was subsumed by the greater offense.
        The 
State responds that Cabral was charged with separate counts of aggravated sexual 
assault and indecency by exposure occurring “on or about” June 1, 2000. The 
State asserts that this “on or about” language of the indictment allows it 
to present evidence of incidents prior to the presentment of the indictment as 
long as it falls within the statutory limitations period. See Sledge v. State, 
953 S.W.2d 253, 256 (Tex. Crim. App. 1997). The State points out that the 
complainant’s testimony reflects that Cabral committed indecency by exposure 
and aggravated sexual assault on completely separate occasions.
        Cabral 
acknowledges that the complainant testified about multiple incidents of sexual 
abuse but argues that the complainant’s testimony regarding incidents 
occurring on a date different from the date alleged in the indictment cannot 
support his convictions. He argues that convicting him based upon testimony 
regarding incidents occurring other than on the date alleged in the indictment 
violates his constitutional and statutory rights to (1) be fairly and adequately 
appraised of the specific offense with which he is charged, (2) not to be misled 
to his prejudice regarding the conduct of which he is accused, (3) be tried only 
on charges which have been the subject of a grand jury indictment, and (4) the 
right to not have the indictment modified or the offense changed without his 
knowledge or consent.
        In 
his reply brief, Cabral argues that because the indictment alleged both 
instances occurred on the same date,[2] both he and 
his trial counsel believed that counts one and two arose from a single incident. 
He suggests that the record reflects that the State also believed that both 
counts arose out of the same incident, but that in light of the court of 
criminal appeals decision in Patterson, the State is now attempting to 
argue that count two arose out of a separate incident. Cabral admits, however, 
that he failed to bring this issue to the attention of the trial court and that 
he is raising it for the first time on appeal.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999). Further, the trial 
court must have ruled on the request, objection, or motion, either expressly or 
implicitly, or the complaining party must have objected to the trial court’s 
refusal to rule. Tex. R. App. P. 
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 
Except for complaints involving systemic (or absolute) requirements, or rights 
that are waivable only, which are not involved here, all other complaints, 
whether constitutional, statutory, or otherwise, are forfeited by failure to 
comply with Rule 33.1(a). See Mendez, 138 S.W.3d at 342. Preservation of 
error is a systemic requirement that this court should review on its own motion. 
Martinez v. State, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); Hughes 
v. State, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh’g), cert. 
denied, 511 U.S. 1152 (1994).
        To 
the extent that Cabral’s argument is that he was denied notice of the charges 
against him, we note that the indictment charged Cabral with two separate 
offenses and that he did not file a motion to quash the indictment. Accordingly, 
we conclude that Cabral has failed to preserve error, if any, in the indictment. 
See Perkins v. State, 779 S.W.2d 918, 924-25 (Tex. App.—Dallas 1989, no 
pet.) (holding that to the extent the indictment failed to provide appellant 
adequate notice, appellant waived any such error by failing to raise it in a 
motion to quash). Further, at no time during trial did Cabral inform the trial 
court of the issue he now brings on appeal. Having failed to raise this issue 
before the trial court, Cabral has failed to preserve this issue for our review. 
See Tex. R. App. P. 
33.1(a)(1); Mosley, 983 S.W.2d at 265. Cabral’s first issue is 
overruled.
V. Double Jeopardy
        In 
his second point, Cabral contends that he received multiple punishments for the 
same offense in violation of the Double Jeopardy Clause of the United States 
Constitution because, under the facts of this case, indecency with a child by 
exposure is a lesser included offense of aggravated sexual assault. See U.S. Const. amends. V, XIV. Cabral 
admits, however, that he did not raise his multiple punishment claim to the 
trial court and that he is raising the issue for the first time on appeal.
        Generally, 
to preserve a double jeopardy claim, a defendant must object at or before the 
time the charge is submitted to the jury. Gonzalez v. State, 8 S.W.3d 
640, 642 (Tex. Crim. App. 2000). An appellant is excused from the preservation 
requirement, however, when (1) the undisputed facts show the double jeopardy 
violation is clearly apparent on the face of the record and (2) enforcement of 
usual rules of procedural default serves no legitimate state interests. Id. 
at 643.
        The 
record reflects that Cabral was indicted for two separate offenses both alleged 
to have occurred “on or about” June 1, 2000. The record further reflects 
that the complainant testified regarding two separate and distinct incidents of 
abuse, one involving Cabral’s attempt to stick his penis in her anus, and one 
where Cabral rubbed his penis in her face. In that regard, Cabral admits that 
the “attempted anal entry” and the “face rubbing” were separate 
incidents which occurred on distinctly different occasions.
        It 
is well settled that the “on or about” language of an indictment allows the 
State to prove a date other than the one alleged in the indictment as long as 
the date is prior to the presentation of the indictment and not so remote that 
prosecution is barred by the statue of limitations. Sledge, 953 S.W.2d at 
256. Here, the complainant’s testimony described acts supporting each charge 
occurring prior to the presentation of the indictment[3] 
and within the applicable statute of limitations period.[4]  
Thus, we find no double jeopardy violation apparent on the face of the record. 
Cabral has therefore failed to meet the first prong of the exception to the 
preservation requirement set forth by Gonzalez. See 8 S.W.3d at 
643. Accordingly, we hold that Cabral failed to preserve his double jeopardy 
claim for our review. See id. at 642-46 (holding that a defendant could 
not raise a claim of multiple punishments for the first time on appeal and that 
failure to bring the issue to the attention of the trial court forfeited the 
claim; no express waiver of double jeopardy rights was necessary). Cabral’s 
second issue is overruled.
VI. Conclusion
        Having 
overruled Cabral’s two issues, we affirm the trial court’s judgment.
 
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
 
PANEL 
B:   HOLMAN, GARDNER, and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: 
July 14, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Cabral is taking the position that because the indictment alleges that both 
offenses occurred “on or about” June 1, 2000, the indictment is alleging 
that both offenses occurred on the same day.
3.  
We come to this conclusion based on the date of the presentation of the 
indictment, June 27, 2002, and the complainant’s testimony that (1) she was 
born in 1989, and (2) the offenses occurred when she was about nine years old.
4.  
The limitations period for either indecency with a child or aggravated sexual 
assault is ten years from the complainant’s eighteenth birthday.  See 
Tex. Code Crim. Proc. Ann. art. 
12.01(5) (Vernon 2005).