MEMORANDUM OPINION

No. 04-04-00673-CR

John RODARTE, Sr. ,

Appellant

v.

The STATE of Texas ,

Appellee

From the 175th Judicial District Court, Bexar County, Texas

Trial Court No. 2003-CR-6651

Honorable Mary Román , Judge Presiding

Opinion by: Sarah B. Duncan, Justice

Sitting: Sarah B. Duncan , Justice

 Karen Angelini , Justice

 Phylis J. Speedlin , Justice

Delivered and Filed: March 15, 2006

AFFIRMED

 John Rodarte, Sr. appeals the judgment convicting him of aggravated sexual assault of, and indecency by contact, with his
son, JR, and sentencing him to concurrent terms of life and twenty-years imprisonment. We affirm.

 1. Rodarte argues the evidence is legally and factually insufficient to support the jury's finding that he committed
aggravated sexual assault because it fails to establish that Rodarte's penis touched JR's anus. We disagree.

 JR testified that, while he and Rodarte played "horsy" naked, Rodarte would be behind him, and he could see Rodarte's
"front privates" (the term JR used to refer to the male sexual organ or penis) and feel it touch his body, causing him to
experience pain in his "behind" (the term JR used to refer to his anus). Considering this evidence in a neutral light, we hold
the jury could rationally find Rodarte guilty of aggravated sexual assault beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed.2d 560 (1979) (legal sufficiency); Zuniga v. State, 144 S.W.3d
477, 484-85 (Tex. Crim. App. 2004) (factual sufficiency).

 2. Rodarte also argues the evidence is legally and factually insufficient to support the jury's finding that he committed
indecency with a child by contact. We again disagree. 

 a. Rodarte first argues that, although "there was some reference to [him] touching [JR's genitals], there was no specific
reference to any date or time or transaction [when] this occurred other than sometimes." If we construe this statement as an
argument that the State failed to meet its burden to prove the offense occurred on a date anterior to the presentment of the
indictment and within the statutory limitation period, we disagree. See Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim.
App. 1997).

 The indictment, which was presented on August 20, 2003, alleged Rodarte committed the offense of indecency with a child
by contact "on or about the14th day of August, A.D., 1995." Testimony from the outcry witness, Theresa McBride,
established JR was approximately seven when he told her of the incident in September 1995, and four when the incident
occurred. McBride's testimony was corroborated by JR, sixteen at the time he testified, who testified that his father touched
him in a way that made him feel uncomfortable when he was between four and six years of age. This evidence establishes
that the offense occurred before August 2003 and within the statutory limitation period (ten years from JR's eighteenth
birthday). See Tex. Code Crim. Proc. Ann. art. 12.01(5) (Vernon Supp. 2005).

 b. Rodarte next argues JR's testimony "that [Rodarte] touched [him] on the front private with his hand over and under his
clothing," was insufficient to describe contact with JR's genitals. However, as mentioned above, JR testified that he used the
term "front private" as a synonym for the male sexual organ or penis.

 c. Rodarte finally argues the evidence is insufficient because "the testimony of a mere touching of [JR's genitals] without
more evidence is insufficient to establish sexual contact with intent to arouse or gratify the sexual desires of any person."
However, by its nature, intent must be generally inferred from the circumstances under which a prohibited act or omission
occurs. Moore v. State, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998). Accordingly, "[i]n a sufficiency review, the jury's
inference of intent is afforded more deference than the evidence supporting proof of conduct."Margraves v. State, 34
S.W.3d 912, 919 (Tex. Crim. App. 2000). Here, the jury was entitled to infer the requisite intent from JR's testimony that,
when he was between four and six years old, he was made to feel uncomfortable by Rodarte touching JR's penis not only
"over" but "under" his clothing.

 3. Rodarte next argues that his conviction for indecency with a child by contact is based on the same conduct that underlies
the aggravated sexual assault conviction in violation of the double jeopardy guarantee against multiple punishments. We
disagree. Assuming, without deciding, that Rodarte preserved his double jeopardy claim, we nonetheless hold the record
contains ample evidence from which the jury could conclude that Rodarte's conduct in touching JR's genitals was separate
and distinct from his conduct in touching JR's anus with his penis. When JR first began testifying, he told the jury that
Rodarte touched him in a way that made him feel uncomfortable. At that particular juncture, JR did not describe how
Rodarte touched him; however, he later testified that there were "other times" when Rodarte would touch his "front private"
"over and under his clothing." By referring to the "other times" these contacts took place, JR established not only that more
than one incident of contact occurred but also that these contacts were separate and distinct from the aggravated sexual
assault he suffered. This conclusion is further supported by JR's testimony that Rodarte touched him "over and under his
clothing" since JR also testified that, when Rodarte's penis touched his anus, he and Rodarte were playing horsy naked. 

 4. In his final argument, in reliance upon Patterson v. State, 152 S.W.3d 88 (Tex. Crim. App. 2004), Rodarte argues that
pursuant to sections 3.01 and 3.03 of the Texas Penal Code "one continuous offense" cannot "be separated into two offenses
with the same include [sic] conduct" and thus "[t]he touching of the genitals would not be a separate offense when it
occurred with the touching of the anus." However, Rodarte waived this complaint by failing to raise it at trial. See Tex. R.
App. P. 33.1(a); see also Cabral v. State, 170 S.W.3d 761, 763-64 (Tex. App.-Fort Worth 2005, pet. ref'd) (concluding that
defendant did not preserve his Patterson claim because he did not raise it at trial). 

 The trial court's judgment is affirmed.



 Sarah B. Duncan, Justice



Do not publish