NUMBER 13-04-040-CR

 

COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG






DAVID ALVAREZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.






On appeal from the 370th District Court

of Nueces County, Texas.






DISSENTING MEMORANDUM OPINION ON 

MOTION FOR EN BANC RECONSIDERATION


Before the Court En Banc

Dissenting Memorandum Opinion by Justice Castillo

 This case is now before the Court on motion for en banc reconsideration of the
panel opinion on original submission. See Tex. R. App. P. 41.2, 49.7; Alvarez v. State, No.
13-04-040-CR, 2006 Tex. App. LEXIS 4904 (Tex. App.-Corpus Christi June 6, 2006, no
pet. h.). Appellant, David Alvarez, presents one issue, asserting that the panel majority
incorrectly interpreted and decided his complaint with respect to jury charge error in his
third issue on original submission. In a subsidiary point, Alvarez asserts that the panel "left
unaddressed" his ineffective assistance of counsel claim. The panel concluded that
"there was no error in the jury charge, and the charge did not allow for a non-unanimous jury verdict as to what offenses appellant committed." Alvarez, 2006 Tex.
LEXIS 4904 at *9. Respectfully, I disagree. The en banc majority has denied the
motion. I respectfully dissent.

Background

 The indictment and the charges alleged that the contact and indecent exposure
offenses occurred on or about August 31, 1996. Eighteen years old at the time of trial, the
victim testified that the incidents of sexual contact and indecent exposure occurred on the
same day. She was eleven years old at the time. The first trial ended in a mistrial because
of a hung jury. This appeal ensued after retrial. 

 In his third issue on original submission, Alvarez complained of egregious error in
the jury charge on grounds that the charges authorized convictions that were not
unanimous with respect to (a) the contact allegation and (b) the exposure allegation. 
Alvarez argued that the evidence of multiple instances of indecency by contact and by
exposure allowed the jury to convict for both offenses without the benefit of a unanimous
verdict. He further argued that the State must, but did not, elect which separate act it
chose to prosecute. In support of his argument before the en banc Court as he did before
the panel, Alvarez advances the rationale and decisions in Almanza and Phillips (before
and after the Court of Criminal Appeals' decision). See Almanza v. State, 686 S.W.2d 157,
171-74 (Tex. Crim. App. 1985) (holding that, according to article 36.19 of the code of
criminal procedure, a misdirection of the law by the trial court to a jury does not
automatically warrant reversal of the trial court's verdict, but rather is subject to a harm
analysis); Phillips v. State, 193 S.W.3d 904, 910 (Tex. Crim. App. 2006) (holding that a trial
court errs by failing to have the State, at the close of its evidence when properly requested
by the defense, give de facto notice to the appellant as to which act the State would rely
upon for conviction); see also Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006).

The Contact Incidents

 In this case, the panel characterized evidence of contact into two separate
occurrences. The panel concluded that the incident involving the body-slamming on the
bed (involving three related acts) constituted "one instance involving several acts of sexual
contact which were committed in one continuous act of force and threats, and part of the
same criminal transaction; thus, election is not required." See Alvarez, 2006 Tex. App.
LEXIS 4904 at *6. With respect to the second occurrence in the kitchen (involving
Alvarez's claimed fourth act), the panel concluded that the evidence constituted an
extraneous act and, because no limiting instruction was requested, Alvarez forfeited error. 
Id. at *7. 

The Exposure Incidents

 Alvarez points to three incidents of exposure. The panel concluded that
Alvarez was indicted and convicted for the exposure incident occurring while Alvarez
was seated on the couch in the living room while the victim babysat. Id. at *9. At trial,
the victim admitted that she had given a statement to police and testified (at the
earlier trial) indicating that Alvarez exposed himself in the bedroom. On cross
examination, the jury heard the following exchange:

 Q. You're describing, in one place you're saying you're sitting on the
floor playing with the baby. In the other one you're saying I walked-he
called me into the room and I walked in and saw him expose himself.

 

 A. Correct.

 

 Q. Those are two very different statements, aren't they? 

 

 A. Yes, sir.

The victim also testified that Vasquez wore only a robe after he finished showering
when she first arrived at the house; however, she denied exposure at that time. She
testified that her prior statements as to his exposure while in the bedroom were
incorrect. 

 After the State rested its case, the defense requested that, as to the indicted
counts, the State "clarify to which allegations he is referring so that we might
respond." The trial court requested the State to "just make reference . . . to the
exposing and . . . to the contact." In response, the State cited penal code authority. 
The trial court denied the defense motion for instructed verdict. The jury convicted
on both the contact and indecency counts. 

The Panel Decision on the Jury Charge Question

 Genital exposure that is part of an additional sexual offense does not constitute
a separate offense. See Patterson v. State, 152 S.W.3d 88, 92 (Tex. Crim. App.
2004). The record is clear that all complained-of incidents of exposure and contact
occurred on the same date. The victim had testified at the earlier trial that exposure
occurred in the bedroom and, in this trial, she testified exposure occurred in the living
room. She unequivocally testified that contacts occurred in the kitchen and in the
bedroom. Even so, the record is unclear whether, during the contact incidents in the
bedroom, that the exposure (that may or may not have occurred in the bedroom) was
a separate offense and not subsumed by the contact incidents. While true that the
jury, as the decisionmaker as to the victim's credibility, convicted on the separate
counts of contact and exposure, it did so without the State's election of which act of
exposure the State relied upon for conviction. Phillips, 193 S.W.3d at 910-13. Similarly,
the State did not elect which acts of contact it relied upon for conviction. These
distinctions are unaddressed in the panel opinion. Thus, Almanza applies. See Ex
parte Smith, 185 S.W.3d 455, 467 (Tex. Crim. App. 2006) (holding that a constitutionally
deficient jury charge, however, does not result in automatic reversal of a conviction under
Almanza but we must also assess the harm that this deficient jury charge caused the
defendant). Id.; Almanza, 686 S.W.2d at 171-74.

Ineffectiveness of Counsel

 In a subsidiary point, Alvarez asserts that his ineffectiveness of counsel claim
remains unaddressed. I agree. The panel opinion summarily concludes that the
record does not show trial counsel's reasoning behind the challenged conduct. I
conclude that we should not find ineffective assistance unless the challenged conduct was
"so outrageous that no competent attorney would have engaged in it." Goodspeed v.
State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001)); see also Tex. R. App. P. 44.2(a). Looking to our high
court's most recent pronouncement on the matter of effectiveness claims, we must follow
the legal standard from Goodspeed and rule 44.2(a). Importantly, in connection with the
jury charge error, a determination of ineffectiveness is contemplated by both authorities. 
See id. 

Reconsideration En Banc

 Appellate court panels are essentially three-judge courts. Thompson v. State,
89 S.W.3d 843, 856 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd.) (Jennings, J.,
concurring). En banc review at intermediate appellate courts was instituted to
maintain uniformity of a court's decisions as a single, unitary body, even though the
court may sit in panels. See O'Connor v. First Court of Appeals, 837 S.W.2d 94, 96
(Tex. 1992) (orig. proceeding). Rule 41.2 of the Texas Rules of Appellate Procedure
governs the decision to grant a motion for rehearing by an en banc court: 

 En banc consideration of a case is not favored and should not be
ordered unless necessary to secure or maintain uniformity of the court's
decisions or unless extraordinary circumstances require en banc
consideration.

Tex. R. App. P. 41.2(c); see also Tex. R. App. P. 49.7. When there is no conflict among
panel decisions, the existence of "extraordinary circumstances" is required before en
banc consideration may be ordered. Thompson, 89 S.W.3d at 856 (Jennings, J.,
concurring). The standard for en banc consideration is not whether a majority of the
en banc court disagrees with all or a part of a panel opinion. Id. Neither is an
assertion that an issue is "important" sufficient. Id. 

 In his motion for reconsideration en banc, Alvarez articulates the extraordinary
circumstances requiring full court review in terms of the sufficiency of appellate review
of his third point of error. Jury charge error in connection with the grounds advanced
in Alvarez's review are summarily dismissed in the panel's opinion. Similarly, in
connection with his complained-of jury charge error, Alvarez's ineffectiveness of
counsel claim, a constitutional claim, remains unaddressed. Rule 47.1 mandates that
we hand down a written opinion that addresses every issue raised and necessary to
final disposition of the appeal. Because I conclude that the panel opinion sidesteps
the Almanza and ineffectiveness of counsel claims, I respectfully dissent to the en
banc's majority decision to deny his motion.


 ERRLINDA CASTILLO

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Dissenting Memorandum Opinion delivered and 

filed this 7th day of December, 2006.