

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00458-CV

IN THE MATTER OF R.W.

-----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant R.W. challenges the juvenile court's adjudication that he engaged in delinquent conduct by committing aggravated sexual assault of a child and indecency with a child by contact. We sustain R.W.'s first point, modify the juvenile court's judgment of delinquency, and affirm it as modified. *See* Tex. R. App. P. 43.2(b).

---

[1]*See* Tex. R. App. P. 47.4.

On August 1, 2012, the State filed a petition alleging that R.W., who was fifteen years old, had engaged in delinquent conduct. *See* Tex. Fam. Code Ann. § 53.04 (West 2008). The petition was based on a March 17, 2012 incident between R.W. and his seven-year-old cousin, A.H., where R.W. forced A.H. to have anal sex. The State's delinquent-conduct allegations included one allegation of aggravated sexual assault of a child and two allegations of indecency with a child by contact. *See id.* § 51.03(a)(1) (West Supp. 2012); Tex. Penal Code Ann. § 21.11 (West 2011), § 22.021 (West Supp. 2012). All of the State's allegations arose out of the March 17 incident.

R.W. waived a jury and agreed to proceed before a juvenile-court referee. *See* Tex. Fam. Code Ann. § 51.09 (West 2008), § 54.10 (West Supp. 2012). After an adjudication hearing, the referee recommended that the aggravated-sexual-assault allegation and one of the indecency-with-a-child allegations be found true and that R.W. be adjudged to have engaged in delinquent conduct. *See id.* § 54.03 (West Supp. 2012). The juvenile-court judge adopted the referee's recommendations. *See id.* § 54.10(d).

After a subsequent disposition hearing, the referee recommended that R.W. be placed on probation for two years, which the judge adopted. *See id.* §§ 54.04, 54.0405 (West Supp. 2012). R.W. filed a notice of appeal and a motion for new trial, which was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c); Tex. R. App. P. 26.1(a).

On appeal, R.W. argues that (1) the adjudication based on both indecency with a child and aggravated sexual assault violated the Double Jeopardy Clause because they arose from the same course of conduct and (2) the evidence was insufficient to support the adjudication based on indecency with a child. The State concedes that the adjudication based on aggravated sexual assault as well as on the lesser-included offense of indecency with a child arising out of the same conduct violated the Double Jeopardy Clause. Indeed, if the evidence at trial shows only one instance of sexual contact, a conviction for aggravated sexual assault along with a conviction for the lesser-included offense of indecency with a child violates the prohibition against double jeopardy. *See Ex parte Pruitt*, 233 S.W.3d 338, 348 (Tex. Crim. App. 2007); *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004); *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh'g). We sustain point one.[2]

R.W. and the State agree that the appropriate remedy is to vacate the adjudication of delinquent conduct based on indecency with a child by contact.[3] *See Evans v. State*, 299 S.W.3d 138, 141 (Tex. Crim. App. 2009). Therefore, we modify the juvenile court's judgment of delinquency to vacate that portion of the judgment adjudging R.W. to have engaged in delinquent conduct based on

---

[2]Because R.W.'s second point challenges the sufficiency of the evidence to support the adjudication based on indecency with a child, which we now vacate based on double jeopardy, we do not need to address point two. *See* Tex. R. App. P. 47.1.

[3]R.W. raises no challenges to the trial court placing him on probation.

3

indecency with a child by contact.  As modified, we affirm the juvenile court's judgment of delinquency.

LEE GABRIEL
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DELIVERED:  September 5, 2013