IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,203-01




EX PARTE DERRIC CHARLES PHILLIPS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 46445-C IN THE 89TH DISTRICT COURT
FROM WICHITA COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
sexual assault of a child, sentenced to sixteen years’ imprisonment, and one count of indecency with
a child, sentenced to ten years’ imprisonment. The Eighth Court of Appeals affirmed his
convictions. Phillips v. State, No. 08-11-00165-CR (Tex. App.–El Paso May 16, 2012, pet.
ref’d)(not designated for publication).
            Applicant contends that his sentences are improper because he was sentenced twice for one
criminal act. He alleges that the allegation of indecency with a child by exposure was predicated on
an exposure which was a part of the sexual assault. Applicant has alleged facts that, if true, might
entitle him to relief. Patterson v. State, 152 S.W.3d 88 (Tex. Crim. App. 2004). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall determine whether the actions alleged in the two counts were separate
and distinct instances or were a part of one assault. The trial court shall make findings of fact and
conclusions of law in regard to Applicant’s claim that his convictions violate double jeopardy. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: October 9, 2013
Do not publish