

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,239-03

### EX PARTE EYNEL AROLDO GUZMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W219-81460-08-HC IN THE 219TH DISTRICT COURT
### FROM COLLIN COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of aggravated sexual assault of a child and one count of indecency with a child and sentenced to twenty-five years' and fifteen years' imprisonment, respectively. The Fifth Court of Appeals affirmed his convictions. *Guzman v. State,* No. 05-09-01043-CR (Tex. App.– Dallas Mar. 15, 2011)(not designated for publication).

Applicant contends that his sentences are improper because he was sentenced twice for one criminal act. He alleges that the sexual assault of a child by digital penetration was predicated on

a touching which was a part of the indecency with a child by contact. Applicant has alleged facts that, if true, might entitle him to relief. *Patterson v. State*, 152 S.W.3d 88 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall determine whether the actions alleged in the two counts were separate and distinct instances or were a part of one assault. The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his convictions violate double jeopardy. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 4, 2015
Do not publish