

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00603-CR

Santos **GUTIERREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR3525
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 6, 2016

VACATED AND DISMISSED IN PART; AFFIRMED IN PART

A jury found Santos Gutierrez guilty of one count of aggravated sexual assault of a child and two counts of indecency with a child by contact. Gutierrez elected to have the trial court decide punishment. The trial court signed three separate judgments in which he sentenced Gutierrez to twenty-five years of imprisonment for the aggravated sexual assault in Count I, twenty years for indecency with a child in Count II, and twenty years for indecency with a child in Count IV.

In his sole point of error, Gutierrez contends his conviction of indecency with a child in Count II is barred by double jeopardy. The State has filed a brief in which it concedes Gutierrez's

sole point of error. Nevertheless, we must independently examine the claim before finding there

was error. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002).[1]

Gutierrez was charged, found guilty, and sentenced on three counts:

Count I: aggravated sexual assault by causing the penetration of the child complainant's anus by the defendant's sexual organ,

Count II: indecency with a child by touching the complainant's anus, and

Count IV: indecency with a child by touching the complainant's breast.

The evidence at trial established Gutierrez assaulted the child complainant on one single occasion.

During that incident, Gutierrez touched the complainant's breast with his hand and penetrated her

anus with his sexual organ. The evidence showed that the only contact between Gutierrez and the

complainant's anus was in the course of penetration. There was no evidence of any independent

instance of contact that would support the charge in Count II.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution

protects against multiple punishments for the same offense. U.S. CONST. amend. V; *Brown v. Ohio*,

432 U.S. 161, 165 (1977); *Aekins v. State*, 447 S.W.3d 270, 274 (Tex. Crim. App. 2014). "A

double-jeopardy violation occurs if one is convicted or punished for two offenses that are the same

both in law and in fact." *Aekins*, 447 S.W.3d at 279. "A single sexual act of penile penetration [of

the anus] almost always consists of exposing the penis en route to contacting the . . . anus . . . with

the penis, en route to penetration of same." *Id.* "That one continuing act, the result of a single

impulse, may violate three separate Penal Code provisions, but . . . the Legislature intended only

one conviction for that one completed sexual assault." *Id.* "[I]n Texas, . . . a defendant may not be

---

[1] We note that although Gutierrez's double jeopardy claim is raised for the first time on appeal, we may consider the point because the claimed violation is apparent on the face of the record and enforcement of the usual rules of procedural default would serve no legitimate state interests. *See Gonzales v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *Aekins v. State*, No. 04-13-00064-CR, 2013 WL 5948188, at *1-2 (Tex. App.—San Antonio Nov. 6, 2013) (mem. op., not designated for publication), *aff'd*, 447 S.W.3d 270 (Tex. Crim. App. 2014).

convicted for a completed sexual assault by penetration and also for conduct (such as exposure or contact) that is demonstrably and inextricably part of that single sexual assault." *Id.* at 281. "This means that multiple convictions for one complete, ultimate sexual assault violate the Double Jeopardy Clause." *Id.* at 279.

The contact described in Count II was an inextricable part of the sexual assault charged in Count I. *See id.* at 279-81; *Patterson v. State*, 152 S.W.3d 88, 91-92 (Tex. Crim. App. 2004). Because the offenses are the "same" for double jeopardy purposes, Gutierrez could not be convicted and punished for both counts. *See Aekins*, 447 S.W.3d at 281. We thus agree with appellant and the State that there is error. We therefore vacate the trial court's judgment of conviction and sentence for indecency with a child under Count II, dismiss the charge under Count II, and affirm the judgments under Count I and Count IV. *See* Tex. R. App. P. 43.2; *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) (when a defendant is convicted of two offenses that are the same for double jeopardy purposes, the conviction for which the greatest sentence was assessed is retained and the other conviction is set aside).

Luz Elena D. Chapa, Justice

DO NOT PUBLISH