

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,952-01

### EX PARTE FRANCIS LEE BULLOCK, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. DC-F201800013-A IN THE 249TH DISTRICT COURT FROM JOHNSON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of three counts of aggravated sexual assault of a child and sentenced to imprisonment for twenty-five years on each count. He was also convicted of three counts of indecency with a child and sentenced to imprisonment for ten years on each count.[1] The Tenth Court of Appeals affirmed his convictions. *Bullock v. State*, 10-19-00031-CR (Tex. App.—Waco Jan. 8, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM.

---

[1] His sentences in counts seven and eight were probated. We do not have jurisdiction to review the legality of his convictions and sentences in these counts. *Ex parte Renier*, 734 S.W.2d 349, 351 (Tex. Crim. App. 1987).

PROC. art. 11.07.

Applicant contends, among other things, that his conviction in count five is a lesser-included offense of his conviction in count one and is barred by double jeopardy. He also contends that trial counsel failed to object on double jeopardy grounds. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim above. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If he is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether count five is a lesser-included offense of count one and barred by double jeopardy. *See Ex parte Pruitt*, 233 S.W.3d 338, 348 (Tex. Crim. App. 2007); *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004). The trial court shall also make findings and conclusions as to whether counsel was deficient for not objecting on double jeopardy grounds and Applicant was prejudiced by his alleged deficient conduct. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: February 10, 2021
Do not publish