In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00204-CR

                                                ______________________________

 

 

                            HAROLD DONNIE HALBROOK,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 196th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 24882

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Indictments
returned in Hunt County, Texas, alleged that on or about June 23, 2007 and July
7, 2007, Harold Donnie Halbrook “cause[d] his hand to contact and/or penetrate
the sexual organ of [M.B.] . . . with intent to gratify” his sexual desire;
that on June 24, 2007 and on June 8, 2007, Halbrook “expose[d] his penis to”
her with intent to gratify his sexual desire; and that on July 9, 2007 and
again on July 19, 2007, he “cause[d] his sexual organ to penetrate the sexual
organ of [M.B.].”  

            M.B.
is the eight-year-old daughter of Halbrook. 
In the same session that a grand jury handed down the indictments
mentioned above, Halbrook was also indicted for multiple offenses against his
six-year-old stepdaughter, M.L.[1]

            Trial to a jury
upon these allegations pertaining to his conduct toward M.B. led to convictions
upon two counts of aggravated sexual assault, two counts of indecency with a
child by contact, and two counts of indecency with a child by exposure.  The jury assessed punishment of life
imprisonment for each of the two aggravated sexual assault counts, twenty years’
imprisonment on each of the two counts of indecency with a child by contact,
and ten years’ imprisonment on each of the two counts of indecency with a child
by exposure.  

            Halbrook appeals his convictions,
alleging two major points of appeal:  (1)
he maintains that the evidence is legally and factually insufficient to support
the convictions and (2) that he received multiple convictions for the same
offense.  

            We affirm the trial court’s
judgments. 

I.          Sufficient Evidence
Supports Each of Halbrook’s Convictions 

            A.        Standard
of Review

            We
review the legal and factual sufficiency of the evidence supporting Halbrook’s
convictions under well-established standards. 
In conducting a legal sufficiency review, we consider the evidence in the
light most favorable to the verdict to determine whether any rational jury
could have found the essential elements of the crime beyond a reasonable
doubt.  Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003).  We must give deference to the responsibility
of the jury “to fairly resolve conflicts in testimony, to weigh the evidence,
and to draw reasonable inferences from basic facts to ultimate facts.”  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307,
318–19 (1979)).  We are not required to
determine whether we believe that the evidence at trial established guilt
beyond a reasonable doubt; rather, when faced with conflicting evidence, we
must presume that the jury resolved any such conflict in favor of the
prosecution, and we must defer to that resolution.  State
v. Turro, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  

            In
conducting a factual sufficiency review, we consider the evidence in a neutral
light.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  The verdict will be set aside only if (1) it
is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and manifestly unjust, or (2) it is against the great weight and preponderance
of the evidence.  Id. at 414–15 (citing Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)).  In our review of the sufficiency of the
evidence, we are instructed to use the hypothetically-correct jury charge
analysis to evaluate both the legal and factual sufficiency of the evidence
(despite the fact that there is no allegation that there was any error in the
charge to the jury).  Grotti v. State, 273 S.W.3d 273 (Tex.
Crim. App. 2008).  Such a charge
accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict
the State’s theories of liability, and adequately describes the particular
offense for which the defendant was tried.  Villarreal
v. State, 286 S.W.3d 321 (Tex. Crim. App. 2009); Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 

            Under
a hypothetically-correct jury charge, Halbrook committed the offense of the
aggravated sexual assault of M.B. if it is proven that (a) Halbrook (b)
intentionally or knowingly (c) caused his sexual organ to penetrate the sexual
organ of M.B. (d) at a time that M.B. was younger than fourteen years of age.  Tex.
Penal Code Ann. § 22.021(a)(1)(B)(ii), (2)(B) (Vernon Supp. 2009).  Halbrook committed the offense of indecency
with a child by contact against M.B. if (a) Halbrook (b) either engaged in
sexual contact with M.B. or caused M.B. to engage in sexual contact (c) when
M.B. was younger than seventeen years of age at that time.  Tex.
Penal Code Ann. § 21.11(a)(1) (Vernon Supp. 2009).  Sexual contact means “any touching by a
person” of “any part of the genitals of a child” or “any touching of any part
of the body of a child” with “any part of the genitals of a person,” “if
committed with the intent to arouse or gratify the sexual desire of any person.”
 Tex.
Penal Code Ann. § 22.11(c) (Vernon Supp. 2009).  Halbrook committed indecency with a child by
exposure as to M.B. if (a) when M.B. was younger than seventeen years of age,
(b) he exposed his genitals to M.B., (c) with the intent to gratify sexual
desire.  Tex. Penal Code Ann. § 21.11(a)(2)(A).  A person acts intentionally with respect to
the nature of his conduct when it is his conscious objective or desire to
engage in the conduct; a person acts knowingly with respect to the nature of
his conduct when he is aware of the nature of his conduct.  Tex.
Penal Code Ann. § 6.03(a), (b) (Vernon 2003).

            B.        State
Was Not Required to Establish Time of Offense 

            Halbrook
first complains that the evidence is insufficient to establish that the
offenses occurred within the time frame alleged by the State.  The State is not required to allege a
specific date in an indictment.  Mitchell v. State, 168 Tex. Crim. 606,
330 S.W.2d 459, 462 (1959).  The use of
the “on or about” language is sufficient, so long as the act occurred before
the date of the presentation of the indictment, but within the relevant
limitations period.  Broderick v. State, 35 S.W.3d 67, 76 (Tex. App.––Texarkana 2000,
pet. ref’d) (citing Sledge v. State,
953 S.W.2d 253, 256 (Tex. Crim. App. 1997); Thomas
v. State, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988)).  The indictments alleged a date the act
occurred which was prior to the presentation of the indictment.  Aggravated sexual assault of a child under Section
22.021(a)(1)(B) of the Texas Penal Code, and indecency with a child are
offenses for which there is no limitation by statute.  Tex.
Code Crim. Proc. Ann. art. 12.01(1)(B), (E) (Vernon Supp. 2009).  Thus, the State was not required to establish
a time frame regarding occurrence of these offenses.  

            C.        The
Evidence

            M.B.
testified that her father’s (referring to him as “Donny”)[2] “front
area” private part touched her “front area.” 
During a recorded video interview with Crisis Center of Northeast Texas
executive director Kacy Flanagan, M.B. was able to provide further
details.  She said that Halbrook “made
[her] do nasty to him,” clarifying that “nasty” was “really sex,”  and that he “made [her] do sex with him” by
putting his private inside hers.  M.B.
told Flanagan that Halbrook would push her “up and down,” while only his
private was exposed.  She re-enacted the
scene in a manner indicating vaginal intercourse, stated he would hurt her “front
part” when doing “the nasty,” and that “milky stuff came out” after the
act.  M.B. explained that Halbrook made
her do “sex with him all the time,” and that it happened at the new house, old
house, and trailer. 

            “The
testimony of a child sexual abuse victim alone is sufficient to support a conviction
for aggravated sexual assault.”  Ozuna v. State, 199 S.W.3d 601, 606
(Tex. App.––Corpus Christi 2006, no pet.) (citing Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); Garcia v. State, 563 S.W.2d 925, 928
(Tex. Crim. App. 1978)).  We find this evidence
legally and factually sufficient to support a finding by the jury that Halbrook
twice intentionally or knowingly caused his sexual organ to penetrate the
sexual organ of M.B., a child younger than fourteen years of age.  

            As
to evidence of indecency with a child by contact,[3] M.B.
testified that Halbrook touched her “front private part” with his hands.  M.B. illustrated this act for the jury
through stick figure drawings.  M.B.
stated the last time Halbrook put his hands in her vagina was the night before
the police officer came to Halbrook’s home. 
M.B.’s interview with Flanagan produced statements from M.B. that
Halbrook touched the inside of M.B.’s vagina “all the time” and that it hurt
and stung during the act.  Nurse Kim
Basinger, who examined M.B. after her outcry, noted that M.B. said “[Halbrook]
touch[es] us here”[4]
while pointing to her vagina.  We find
the evidence amply sufficient to establish that Halbrook, on at least two
occasions, touched his hand to the sexual organ of M.B., a child younger than
seventeen, with the intent to arouse or gratify sexual desire.  

            With
respect to indecency with a child by exposure, M.B. testified that Halbrook
showed “[h]is front area,” by sticking out his private (penis) and “laugh[ing]
about it.”  M.B. defined other instances
where exposure of Halbrook’s sexual organs to her would be necessary to achieve
the act she described.  She testified
Halbrook made her touch his front area with her hands and mouth, made her “suck”
on his penis after proclaiming “it’s your turn,” and would put his penis inside
the cheeks of her buttocks.  M.B. stated
that she visited Halbrook “every other weekend,” and was molested in some
manner every time upon visitation for a period of “two years.”  Basinger recorded M.B.’s comment to her that “[Halbrook]
touched me on my privates and butt with his privates.”  Flanagan also noted M.B.’s comments that she
was made to perform oral sex on her father.[5]  We find this evidence sufficient to establish
that on at least two occasions, while M.B. was younger than seventeen years of
age, Halbrook exposed his genitals to her with intent to arouse or gratify
sexual desire.  

            M.B.
testified that she had once received a spanking in punishment for having
disobeyed Halbrook’s sexual requests, and was threatened with additional
spankings if she did not comply with those demands.  Halbrook also instructed M.B. not to disclose
the activity to anyone or he “would bust [her] butt again.”  M.B. was afraid, and kept quiet for two
years.  One day, she confided in her
child friend, Ashley, as they rode together on the school bus.  Ashley then told her mother of the revelation
and Ashley’s mother reported this to the police.  Officer Nathan Ehrhart went to Halbrook’s
home that night to investigate.  M.B.
testified clearly that Ehrhart was the first adult she told about the
incidents.[6]  

            Ehrhart’s
testimony further supports our conclusions on legal and factual sufficiency.  He recalled M.B.’s statements that “her father
had walked in – made the male children in the house leave the room from time to
time on different occasions and the father would come in and expose himself to
her.”  Ehrhart also learned M.B. “was
penetrated in the vehicle by her father . . . just days prior to the actual
time of the call.”  He told the jury that
further questioning at the scene revealed this type of activity had been going
on for several months.  

            Considering
the testimony of M.B., Flanagan, Basinger, and Ehrhart in the light most
favorable to the verdict, we conclude that a rational jury could have found the
essential elements of two separate counts of aggravated sexual assault,
indecency with a child by contact, and indecency with a child by exposure, as
alleged in the indictments, beyond a reasonable doubt.  The jury was free “to fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.” 
Hooper, 214 S.W.3d at 13.  Even considering this evidence in a neutral
light, we do not find the verdict so contrary to the overwhelming weight of the
evidence as to be clearly wrong, manifestly unjust, or against the great weight
and preponderance of the evidence. 
Because the evidence supporting Halbrook’s convictions was legally and
factually sufficient, we overrule his first point of error.  

II.        Halbrook Did Not
Preserve His Complaint that Double Jeopardy Was Violated 

            Double
jeopardy is the principle that a person shall not be “subject for the same
offence to be twice put in jeopardy of life or limb.”  U.S. Const.
amend. V.  A conviction for both a
greater and a lesser-included offense violates double jeopardy if it arises out
of the same act.  Alberts v. State, 302 S.W.3d 495, 500–01
(Tex. App.––Texarkana 2009, no pet.). 
Halbrook alleges that his “convictions on each count constitute
impermissible multiple convictions for the same offense.”  

            “[A]
potential multiple-punishment double-jeopardy claim may be forfeited if a
defendant does not properly preserve that claim.”  Langs v.
State, 183 S.W.3d 680, 686 (Tex. Crim. App. 2006).  Halbrook’s complaint was not made to the
trial court either in his motion for new trial, through objection to the
charge, or otherwise.  A defendant may
raise a double jeopardy claim for the first time on appeal only when error is apparent
from the record.  Gonzalez v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).  This occurs when (1) no further proceedings
are required to “expand the record with new evidence;” (2) the claim can be
resolved “on the basis of the existing record”; and (3) “enforcement of usual
rules of procedural default serves no legitimate state interests.”  Id.
at 643–44 (citing United States v. Broce,
488 U.S. 563, 575 (1989)).  

            It
is true that indecency with a child can be a lesser-included offense of
aggravated sexual assault “depending on the facts of the case” if the greater
offense requires acts that also establish the lesser offense.  Patterson
v. State, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004).  In this case, for example,
Halbrook was convicted of causing his sexual organ to penetrate M.B.’s sexual
organ.  While it was not necessary for
his hand to come into contact with M.B.’s sexual organ for the aggravated
sexual assault to occur, it was necessary for him to have exposed himself.  Thus, if Halbrook had been indicted for
aggravated sexual assault and indecency with a child by exposure arising out of
the same act, double jeopardy concerns could arise.  Alberts,
302 S.W.2d at 502. 

            The
key to this issue in this case, however, is the fact that the State’s
indictments all allege separate dates on which the acts giving rise to each
count occurred.  Thus, the State was not
alleging that the indecency by exposure occurred on the same dates as the
aggravated sexual assault.  While
specific dates were not established, M.B. testified to several instances of
abuse and claimed that they occurred every other week for a period of two
years.  Unless we speculated that the
indecency by exposure occurred only on the same dates as the aggravated sexual
assault during a single act, we cannot conclude that a violation of double
jeopardy occurred.

            In
order for us to determine that indecency with M.B. by exposure was a
lesser-included offense of the aggravated sexual assault in Halbrook’s case, we
would need additional facts that cannot be determined “on the basis of the
existing record.”  Gonzalez, 8 S.W.3d at 644. 
Thus, we conclude Halbrook has failed to preserve his double jeopardy
complaint for our review.  See id. at 644; see also Langs, 183 S.W.3d at 687 (“The fact that the jury’s
verdict could have relied on a theory that would violate the Double Jeopardy
Clause, is not sufficient to show a constitutional violation ‘clearly apparent
on the face of the record.’”).

            Halbrook’s
last point of error was not preserved. 

III.       Conclusion


            We
affirm the judgment of the trial court. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July
8, 2010

Date Decided:             July
28, 2010

 

Do Not Publish











[1]The
cases against Halbrook pertaining to both children were tried together and the
convictions of Halbrook for the offenses concerning his offenses against M.L.
are the subject of a separate appeal.





[2]Halbrook
alleges that his identity as the perpetrator was not established because M.B.
did not identify him by his picture. 
Based on M.B.’s testimony that her father, “Donny,” was the perpetrator,
we find Harold Donnie Halbrook’s
contention to be without merit. 





[3]There
is more than one way to engage in sexual contact under the Texas Penal
Code.  Tex.
Penal Code Ann. § 22.11(c).  We
restrict our analysis of legal and factual sufficiency to the
hypothetically-correct jury charge based on the State’s indictment, which
specifically alleged Halbrook contacted M.B.’s sexual organ with his hand on
two occasions.  

 





[4]The
“us” to whom she referred was both her and her sister.





[5]The
evidence indicates Halbrook also performed oral sex on M.B.  

 





[6]Halbrook
was also convicted of two counts of aggravated sexual assault with his
six-year-old-stepdaughter, M.L. 
Halbrook’s indictments involving M.B. and M.L. were consolidated and
tried together.  He appealed all
convictions in a single brief filed with this Court.  In one point of error raised in the
consolidated brief, Halbrook alleged Ehrhart’s statements should not have been
admitted because Ehrhart was not the proper outcry witness.  In cause number 06-09-00205-CR, we found the
trial court erred in admitting Ehrhart’s statements for use in the State’s case
against Halbrook for acts committed against M.L. because M.L. testified Ehrhart
was not the first adult she told.  In
this case, we clarify that Halbrook does not allege Ehrhart was an improper
outcry witness for M.B.