

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00204-CR

_____

HAROLD DONNIE HALBROOK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 24882

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Indictments returned in Hunt County, Texas, alleged that on or about June 23, 2007 and July 7, 2007, Harold Donnie Halbrook "cause[d] his hand to contact and/or penetrate the sexual organ of [M.B.] . . . with intent to gratify" his sexual desire; that on June 24, 2007 and on June 8, 2007, Halbrook "expose[d] his penis to" her with intent to gratify his sexual desire; and that on July 9, 2007 and again on July 19, 2007, he "cause[d] his sexual organ to penetrate the sexual organ of [M.B.]."

M.B. is the eight-year-old daughter of Halbrook. In the same session that a grand jury handed down the indictments mentioned above, Halbrook was also indicted for multiple offenses against his six-year-old stepdaughter, M.L.[1]

Trial to a jury upon these allegations pertaining to his conduct toward M.B. led to convictions upon two counts of aggravated sexual assault, two counts of indecency with a child by contact, and two counts of indecency with a child by exposure. The jury assessed punishment of life imprisonment for each of the two aggravated sexual assault counts, twenty years' imprisonment on each of the two counts of indecency with a child by contact, and ten years' imprisonment on each of the two counts of indecency with a child by exposure.

---

[1]The cases against Halbrook pertaining to both children were tried together and the convictions of Halbrook for the offenses concerning his offenses against M.L. are the subject of a separate appeal.

2

Halbrook appeals his convictions, alleging two major points of appeal: (1) he maintains that the evidence is legally and factually insufficient to support the convictions and (2) that he received multiple convictions for the same offense.

We affirm the trial court's judgments.

## I. Sufficient Evidence Supports Each of Halbrook's Convictions

### A. Standard of Review

We review the legal and factual sufficiency of the evidence supporting Halbrook's convictions under well-established standards. In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). We must give deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We are not required to determine whether we believe that the evidence at trial established guilt beyond a reasonable doubt; rather, when faced with conflicting evidence, we must presume that the jury resolved any such conflict in favor of the prosecution, and we must defer to that resolution. *State v. Turro*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

3

In conducting a factual sufficiency review, we consider the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). The verdict will be set aside only if (1) it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust, or (2) it is against the great weight and preponderance of the evidence. *Id.* at 414–15 (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). In our review of the sufficiency of the evidence, we are instructed to use the hypothetically-correct jury charge analysis to evaluate both the legal and factual sufficiency of the evidence (despite the fact that there is no allegation that there was any error in the charge to the jury). *Grotti v. State*, 273 S.W.3d 273 (Tex. Crim. App. 2008). Such a charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Villarreal v. State*, 286 S.W.3d 321 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

Under a hypothetically-correct jury charge, Halbrook committed the offense of the aggravated sexual assault of M.B. if it is proven that (a) Halbrook (b) intentionally or knowingly (c) caused his sexual organ to penetrate the sexual organ of M.B. (d) at a time that M.B. was younger than fourteen years of age. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii), (2)(B) (Vernon Supp. 2009). Halbrook committed the offense of indecency with a child by contact against M.B. if (a) Halbrook (b) either engaged in sexual contact with M.B. or caused M.B. to

4

engage in sexual contact (c) when M.B. was younger than seventeen years of age at that time. TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp. 2009). Sexual contact means "any touching by a person" of "any part of the genitals of a child" or "any touching of any part of the body of a child" with "any part of the genitals of a person," "if committed with the intent to arouse or gratify the sexual desire of any person." TEX. PENAL CODE ANN. § 22.11(c) (Vernon Supp. 2009). Halbrook committed indecency with a child by exposure as to M.B. if (a) when M.B. was younger than seventeen years of age, (b) he exposed his genitals to M.B., (c) with the intent to gratify sexual desire. TEX. PENAL CODE ANN. § 21.11(a)(2)(A). A person acts intentionally with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct; a person acts knowingly with respect to the nature of his conduct when he is aware of the nature of his conduct. TEX. PENAL CODE ANN. § 6.03(a), (b) (Vernon 2003).

### B. State Was Not Required to Establish Time of Offense

Halbrook first complains that the evidence is insufficient to establish that the offenses occurred within the time frame alleged by the State. The State is not required to allege a specific date in an indictment. *Mitchell v. State*, 168 Tex. Crim. 606, 330 S.W.2d 459, 462 (1959). The use of the "on or about" language is sufficient, so long as the act occurred before the date of the presentation of the indictment, but within the relevant limitations period. *Broderick v. State*, 35 S.W.3d 67, 76 (Tex. App.—Texarkana 2000, pet. ref'd) (citing *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *Thomas v. State*, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988)).

The indictments alleged a date the act occurred which was prior to the presentation of the indictment. Aggravated sexual assault of a child under Section 22.021(a)(1)(B) of the Texas Penal Code, and indecency with a child are offenses for which there is no limitation by statute. TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(B), (E) (Vernon Supp. 2009). Thus, the State was not required to establish a time frame regarding occurrence of these offenses.

## C. The Evidence

M.B. testified that her father's (referring to him as "Donny")[2] "front area" private part touched her "front area." During a recorded video interview with Crisis Center of Northeast Texas executive director Kacy Flanagan, M.B. was able to provide further details. She said that Halbrook "made [her] do nasty to him," clarifying that "nasty" was "really sex," and that he "made [her] do sex with him" by putting his private inside hers. M.B. told Flanagan that Halbrook would push her "up and down," while only his private was exposed. She re-enacted the scene in a manner indicating vaginal intercourse, stated he would hurt her "front part" when doing "the nasty," and that "milky stuff came out" after the act. M.B. explained that Halbrook made her do "sex with him all the time," and that it happened at the new house, old house, and trailer.

"The testimony of a child sexual abuse victim alone is sufficient to support a conviction for aggravated sexual assault." *Ozuna v. State*, 199 S.W.3d 601, 606 (Tex. App.—Corpus Christi 2006, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005); *Garcia v. State*, 563

---

[2]Halbrook alleges that his identity as the perpetrator was not established because M.B. did not identify him by his picture. Based on M.B.'s testimony that her father, "Donny," was the perpetrator, we find Harold *Donnie* Halbrook's contention to be without merit.

S.W.2d 925, 928 (Tex. Crim. App. 1978)). We find this evidence legally and factually sufficient to support a finding by the jury that Halbrook twice intentionally or knowingly caused his sexual organ to penetrate the sexual organ of M.B., a child younger than fourteen years of age.

As to evidence of indecency with a child by contact,[3] M.B. testified that Halbrook touched her "front private part" with his hands. M.B. illustrated this act for the jury through stick figure drawings. M.B. stated the last time Halbrook put his hands in her vagina was the night before the police officer came to Halbrook's home. M.B.'s interview with Flanagan produced statements from M.B. that Halbrook touched the inside of M.B.'s vagina "all the time" and that it hurt and stung during the act. Nurse Kim Basinger, who examined M.B. after her outcry, noted that M.B. said "[Halbrook] touch[es] us here"[4] while pointing to her vagina. We find the evidence amply sufficient to establish that Halbrook, on at least two occasions, touched his hand to the sexual organ of M.B., a child younger than seventeen, with the intent to arouse or gratify sexual desire.

With respect to indecency with a child by exposure, M.B. testified that Halbrook showed "[h]is front area," by sticking out his private (penis) and "laugh[ing] about it." M.B. defined other instances where exposure of Halbrook's sexual organs to her would be necessary to achieve the act she described. She testified Halbrook made her touch his front area with her hands and mouth,

---

[3]There is more than one way to engage in sexual contact under the Texas Penal Code. TEX. PENAL CODE ANN. § 22.11(c). We restrict our analysis of legal and factual sufficiency to the hypothetically-correct jury charge based on the State's indictment, which specifically alleged Halbrook contacted M.B.'s sexual organ with his hand on two occasions.

[4]The "us" to whom she referred was both her and her sister.

7

made her "suck" on his penis after proclaiming "it's your turn," and would put his penis inside the cheeks of her buttocks.  M.B. stated that she visited Halbrook "every other weekend," and was molested in some manner every time upon visitation for a period of "two years."  Basinger recorded M.B.'s comment to her that "[Halbrook] touched me on my privates and butt with his privates."  Flanagan also noted M.B.'s comments that she was made to perform oral sex on her father.[5]  We find this evidence sufficient to establish that on at least two occasions, while M.B. was younger than seventeen years of age, Halbrook exposed his genitals to her with intent to arouse or gratify sexual desire.

M.B. testified that she had once received a spanking in punishment for having disobeyed Halbrook's sexual requests, and was threatened with additional spankings if she did not comply with those demands.  Halbrook also instructed M.B. not to disclose the activity to anyone or he "would bust [her] butt again."  M.B. was afraid, and kept quiet for two years.  One day, she confided in her child friend, Ashley, as they rode together on the school bus.  Ashley then told her mother of the revelation and Ashley's mother reported this to the police.  Officer Nathan Ehrhart went to Halbrook's home that night to investigate.  M.B. testified clearly that Ehrhart was the first adult she told about the incidents.[6]

---

[5]The evidence indicates Halbrook also performed oral sex on M.B.

[6]Halbrook was also convicted of two counts of aggravated sexual assault with his six-year-old-stepdaughter, M.L. Halbrook's indictments involving M.B. and M.L. were consolidated and tried together.  He appealed all convictions in a single brief filed with this Court.  In one point of error raised in the consolidated brief, Halbrook alleged Ehrhart's statements should not have been admitted because Ehrhart was not the proper outcry witness.  In cause number 06-09-00205-CR, we found the trial court erred in admitting Ehrhart's statements for use in the State's case against

Ehrhart's testimony further supports our conclusions on legal and factual sufficiency. He recalled M.B.'s statements that "her father had walked in – made the male children in the house leave the room from time to time on different occasions and the father would come in and expose himself to her." Ehrhart also learned M.B. "was penetrated in the vehicle by her father . . . just days prior to the actual time of the call." He told the jury that further questioning at the scene revealed this type of activity had been going on for several months.

Considering the testimony of M.B., Flanagan, Basinger, and Ehrhart in the light most favorable to the verdict, we conclude that a rational jury could have found the essential elements of two separate counts of aggravated sexual assault, indecency with a child by contact, and indecency with a child by exposure, as alleged in the indictments, beyond a reasonable doubt. The jury was free "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13. Even considering this evidence in a neutral light, we do not find the verdict so contrary to the overwhelming weight of the evidence as to be clearly wrong, manifestly unjust, or against the great weight and preponderance of the evidence. Because the evidence supporting Halbrook's convictions was legally and factually sufficient, we overrule his first point of error.

## II. Halbrook Did Not Preserve His Complaint that Double Jeopardy Was Violated

---

Halbrook for acts committed against M.L. because M.L. testified Ehrhart was not the first adult she told. In this case, we clarify that Halbrook does not allege Ehrhart was an improper outcry witness for M.B.

Double jeopardy is the principle that a person shall not be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. A conviction for both a greater and a lesser-included offense violates double jeopardy if it arises out of the same act. *Alberts v. State*, 302 S.W.3d 495, 500–01 (Tex. App.—Texarkana 2009, no pet.). Halbrook alleges that his "convictions on each count constitute impermissible multiple convictions for the same offense."

"[A] potential multiple-punishment double-jeopardy claim may be forfeited if a defendant does not properly preserve that claim." *Langs v. State*, 183 S.W.3d 680, 686 (Tex. Crim. App. 2006). Halbrook's complaint was not made to the trial court either in his motion for new trial, through objection to the charge, or otherwise. A defendant may raise a double jeopardy claim for the first time on appeal only when error is apparent from the record. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). This occurs when (1) no further proceedings are required to "expand the record with new evidence;" (2) the claim can be resolved "on the basis of the existing record"; and (3) "enforcement of usual rules of procedural default serves no legitimate state interests." *Id*. at 643–44 (citing *United States v. Broce*, 488 U.S. 563, 575 (1989)).

It is true that indecency with a child can be a lesser-included offense of aggravated sexual assault "depending on the facts of the case" if the greater offense requires acts that also establish the lesser offense. *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004). In this case, for example, Halbrook was convicted of causing his sexual organ to penetrate M.B.'s sexual organ. While it was not necessary for his hand to come into contact with M.B.'s sexual organ for

10

the aggravated sexual assault to occur, it was necessary for him to have exposed himself. Thus, if Halbrook had been indicted for aggravated sexual assault and indecency with a child by exposure arising out of the same act, double jeopardy concerns could arise. *Alberts*, 302 S.W.2d at 502.

The key to this issue in this case, however, is the fact that the State's indictments all allege separate dates on which the acts giving rise to each count occurred. Thus, the State was not alleging that the indecency by exposure occurred on the same dates as the aggravated sexual assault. While specific dates were not established, M.B. testified to several instances of abuse and claimed that they occurred every other week for a period of two years. Unless we speculated that the indecency by exposure occurred only on the same dates as the aggravated sexual assault during a single act, we cannot conclude that a violation of double jeopardy occurred.

In order for us to determine that indecency with M.B. by exposure was a lesser-included offense of the aggravated sexual assault in Halbrook's case, we would need additional facts that cannot be determined "on the basis of the existing record." *Gonzalez*, 8 S.W.3d at 644. Thus, we conclude Halbrook has failed to preserve his double jeopardy complaint for our review. *See id.* at 644; *see also Langs*, 183 S.W.3d at 687 ("The fact that the jury's verdict could have relied on a theory that would violate the Double Jeopardy Clause, is not sufficient to show a constitutional violation 'clearly apparent on the face of the record.'").

Halbrook's last point of error was not preserved.

11

## III.    Conclusion

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     July 8, 2010
Date Decided:       July 28, 2010

Do Not Publish