

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1334-12

**AUSTIN LOVING, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

**COCHRAN, J.,** filed a concurring opinion in which **JOHNSON** and **ALCALA, JJ.,** joined.

### CONCURRING OPINION

I join the majority opinion. I write separately to emphasize that appellant, who never

asserted any double-jeopardy claim in the trial court, has failed to show that "the undisputed

facts make the double-jeopardy violation apparent from the record."[1] Here, the trial record

---

[1] *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008) ("In the case of a double-jeopardy violation, the issue may be addressed as an unassigned error when the violation is apparent from the face of the record."); *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000) ("[A] double jeopardy claim may be raised for the first time on appeal or even for the first time on collateral attack when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default

indicates that appellant may have committed two separate acts of indecent exposure. He first exposed himself to two sisters when he sat on the sofa and began masturbating after looking at pornography on his computer. When the girls entered the room and saw him exposed, the offense was complete. Although both girls saw him, that one act of exposure gave rise to a single offense. After that, however, the girls left the room and went back to playing video games. When they returned, appellant was still (or once again) masturbating. While doing so, he touched the breast of the eight-year-old sister. After he finished masturbating, he touched the nine-year-old sister's vagina over her clothes and asked her to touch his penis. Instead, she "punched" it.

The court of appeals held that "under the facts presented, the exposure offense involving the older girl was subsumed by the contact offense in which the older girl punched appellant's exposed penis and that conviction for both offenses violated the prohibition of double jeopardy."[2] I do not think that this conclusion is logical because it assumes that, in one flowing motion or criminal act, appellant exposed himself to the older sister only as he caused her to punch him in the penis. The evidence, however, indicates that these were two separate acts by two separate people at two separate times.

---

serves no legitimate state interests.") (footnotes omitted); *compare Ex parte Denton*, ___ S.W.3d ___, 2013 WL 2212917 (Tex. Crim. App. May 22, 2013) ("A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim.").

[2] *Loving v. State*, Nos. 03-11-00074-CR, 03-11-00075-CR, 2012 WL 3601127, *5 (Tex. App.–Austin Aug. 17, 2012).

I agree with the majority that this record supports a finding that appellant committed one act of indecent exposure at the time that the two girls first walked into the room and saw him masturbating. And he may have committed a second act of indecent exposure when the girls came back into the room a second time to once again see him masturbating while he touched the younger sister's breast. Had the incident stopped there, the evidence would support one indecent-exposure conviction for the girls' first view, a possible second indecent-exposure conviction for exposing himself to both girls as he touched the younger sister's breast, and a conviction for indecency by contact for the touching of the younger sister's breast. That evidence supports three convictions, two for indecent exposure and one for indecency by contact.

But the incident did not stop there. After finishing his masturbation, appellant then touched the older sister's vagina over her clothes. That evidence supports another conviction for indecency by contact. Finally, he asked her to touch his exposed penis. That is a request for a completely separate and new criminal act of indecency by contact. It is an act that is to be performed by a person other than the defendant; thus, appellant's act of indecent exposure cannot logically be "subsumed" into the older sister's separate and independent act.[3] They are actions undertaken by different individuals. And the older sister did take

---

[3] *See*, *e.g.*, *Martin v. State*, 335 S.W.3d 867, 878 (Tex. App.–Austin 2011, pet. ref'd) (convictions for indecent exposure and convictions for indecency with a child based on touching of child's breasts and genitals did not violate double jeopardy as there was no evidence that defendant touched child's breasts with any part of his body other than his hands, and thus the exposure of defendant's penis was not subsumed within the touching).

appellant up on his request by contacting his penis, though not in the precise manner he had requested.

A person who commits more than one sexual act against the same person may be convicted and punished for each separate act, even if those acts were committed in close temporal proximity.[4] The Legislature has not, however, authorized "stop-action" prosecutions.[5] Thus, we have held that a defendant may not be convicted for a completed act of sexual assault and also for conduct that is demonstrably and inextricably part of the commission of the completed act.[6] Thus, penile *contact* with genitals in the course of, and part of the same act of, penile *penetration* is "subsumed" in a conviction for the penetration.[7] In other words, a single sexual act might involve a person first exposing his penis, then contacting a child's genitals with his penis, then penetrating the child's genitals with his penis. That single, flowing, undifferentiated act may violate three separate Penal Code provisions, but in *Patterson*, we held that the Legislature intended only one conviction for that one sexual act.[8]

---

[4] *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999).

[5] *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004).

[6] *Id.*

[7] *Id.*

[8] *Id.* at 91-92. We explained that:
[t]he offenses enumerated by the legislature cover a range of deviant sexual conduct, beginning with exposure and continuing though sexual contact to penetration and including incest and child prostitution. The scheme encompasses escalation of abuse; no matter where in the range the perpetrator stops, the offense is complete at that point. That is not to say that every offense in the range can in

Here, on the other hand, appellant's act of exposing himself (either once or twice) to the two girls is an act that is entirely separate and distinct from his later act of requesting the older sister to touch his penis. Furthermore, they are acts committed by separate individuals. It cannot be said that an act of indecent exposure by one person is "subsumed" into an entirely separate act of contacting that person's penis by a different person. I agree with the majority that the court of appeals erred in holding otherwise.

Appellant might have had a valid claim that double-jeopardy principles barred two convictions for indecent exposure if he committed only a single act of exposing himself,[9] but the validity of that claim is not at all clear on the present record, nor is it a claim that appellant raised. I agree with the majority that appellant has not shown a double-jeopardy violation concerning his convictions for indecency by exposure and indecency by contact.

Filed: June 26, 2013
Publish

---

all cases be prosecuted as a separate offense. While it is clear from the plain language of the various statutes that the legislature intended harsh penalties for sexual abuse of children, there is nothing in the language to suggest that it intended to authorize "stop-action" prosecution. Just as a conviction for a completed offense bars prosecution for an attempt to commit the same offense, a conviction for an offense set out in § 3.03 bars conviction for conduct that, on the facts of the case, is demonstrably part of the commission of the greater offense.

[9] *See Harris v. State*, 359 S.W.3d 625, 631 (Tex. Crim. App. 2011) (defendant's right against double jeopardy was violated when he was convicted of three counts of indecency with a child by exposure that resulted from a single act of exposure when three children were present).